# EXHIBIT C



Not Reported in F.Supp.2d                                                                                               Page 1

Not Reported in F.Supp.2d, 2005 WL 418023 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

C
Briefs and Other Related Documents
Hamilton v. CivigenicsD.Del.,2005.Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
John HAMILTON, et al., Plaintiffs,
v.
CIVIGENICS, et al., Defendants.
**No. Civ.A. 03-826 GMS.**

Feb. 22, 2005.

John H. Hamilton, Georgetown, DE, Pro se.
Joseph S. Wigate, Georgetown, DE, Pro se.
Andre L. Parker, Georgetown, DE, Pro se.
Juan Martinez, Jr., Georgetown, DE, Pro se.
Lee Ross, Georgetown, DE, Pro se.
Thomas Norwood, Georgetown, DE, Pro se.
James Colemen, Georgetown, DE, Pro se.
Christopher Gibbs, Georgetown, DE, Pro se.
Enrico D. Bates, Georgetown, DE, Pro se.
Trevor Moncrief, Georgetown, DE, Pro se.
Michael Lewis, Georgetown, DE, Pro se.
Danny Lee Parker, Georgetown, DE, Pro se.
Larry Reich, Georgetown, DE, Pro se.
Stefan Brittingham, Georgetown, DE, Pro se.
Alex Justice, Laurel, DE, Pro se.
Benjamin McKenzie, Georgetown, DE, Pro se.
Andre Hackett, Georgetown, DE, Pro se.
John D. Rickards, Georgetown, DE, Pro se.
Richard Jones, Georgetown, DE, Pro se.
Jacquie Reynolds, Georgetown, DE, Pro se.
Kevin Williams, Georgetown, DE, Pro se.
Lennie F. Childress, Georgetown, DE, Pro se.
Billy A. Winn, New Castle, DE, Pro se.
Timothy C. Duval, Sr., Georgetown, DE, Pro se.
Mitchell Hubis, Georgetown, DE, Pro se.
Darrel D. Stanley, Georgetown, DE, Pro se.
David Fowler, Georgetown, DE, Pro se.
Curtis G. Elliott, Georgetown, DE, Pro se.
Collidge Frazier, Georgetown, DE, Pro se.
Calvin L. Allen, Georgetown, DE, Pro se.
Jeremy Geiger, Georgetown, DE, Pro se.
Shawn Hopkins, Georgetown, DE, Pro se.
Edward A. Clark, Georgetown, DE, Pro se.
Daniel M. Prouse, Georgetown, DE, Pro se.
George R. Anthony, Jr., Georgetown, DE, Pro se.
Ronald Benton, Georgetown, DE, Pro se.
Eric S. Huffstutler, Georgetown, DE, Pro se.
Dedrick Chase, Georgetown, DE, Pro se.
Virgil Sudler, Georgetown, DE, Pro se.
Eric Tilghman, Georgetown, DE, Pro se.
Clifford T. Donnes, II, Georgetown, DE, Pro se.
Francis Worrell, Georgetown, DE, Pro se.
Alvin Wilson, Georgetown, DE, Pro se.
Barry L. Griffith, Georgetown, DE, Pro se.
Linwood Eley, Georgetown, DE, Pro se.
Vence D. Byrd, Georgetown, DE, Pro se.
Ronald Lofland, Georgetown, DE, Pro se.
Mark A. Mulrooney, Georgetown, DE, Pro se.
Jamaal Layne, Georgetown, DE, Pro se.
Deshawn Butter, Georgetown, DE, Pro se.
Michael P. Brown, Georgetown, DE, Pro se.
Louis J. Rizzo, Jr., Reger & Rizzo, LLP, and Aaron R. Goldstein, Wilmington, DE, for Defendants.

*MEMORANDUM*

SLEET, J.

I. INTRODUCTION

*1 On August 21, 2003, John Hamilton ("Hamilton") filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, on behalf of himself and ninety-eight inmates (collectively, the "plaintiffs") incarcerated in the Sussex Correctional Institution ("SCI"), located in Georgetown, Delaware.[FN1] The complaint alleges that the State of Delaware Department of Corrections (the "DOC"), Rick Kearney ("Kearney"), in his capacity as warden, Civigenics ("Civigenics"), Allen Nesbit ("Nesbit"), a Civigenics employee, in his capacity as program coordinator of the KEY Program, and Civigenics employees Russell Buskirk ("Buskirk"), Dawn Burton ("Burton"), Theresa Evans Carter ("Carter"), and Michelle Reeves ("Reeves") violated the plaintiffs' First, Eighth, and Fourteenth Amendment

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                 Page 2
Not Reported in F.Supp.2d, 2005 WL 418023 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

rights.[FN2]

> FN1. Hamilton was incarcerated at the time he initiated this lawsuit. On or about October 14, 2004, Hamilton was released from incarceration.

> FN2. The KEY Program is part of the KEY Therapeutic Community, a drug rehabilitation program for incarcerated addicts that is administered by Civigenics, under contract with the State of Delaware.

Presently before the court are several motions: (1) Hamilton's motions to amend; [FN3] (2) the DOC's motion to dismiss; (3) Kearney's motion to dismiss; and (4) the Civigenics defendants' motion to dismiss. For the following reasons, the court will deny the motions to amend and grant the motions to dismiss.

> FN3. At present, fifty-three plaintiffs are still involved in the litigation. Hamilton is the only plaintiff that has responded to the defendants' motions to dismiss. However, Hamilton asserts that he is "the spokesperson for all the plaintiffs," and that "[h]is motion[s] not only serve[ ] him, but all the plaintiffs." (D.I. 77 ¶ 1.) Neither the defendants nor the remaining plaintiffs oppose Hamilton's assertions. The court, therefore, will treat Hamilton as the spokesperson for all of the plaintiffs.

## II. BACKGROUND

The plaintiffs allege that Kearney, Nesbit, and Civigenics violated their First, Eighth, and Fourteenth Amendment rights by "allowing inmates to have authority over them in violation of federal court mandates." The complaint alleges that since entering the KEY Program, on July 10, 2003, the plaintiffs have been given directives to keep their mouths shut. According to the plaintiffs, the directives violate their freedom of speech rights under the First Amendment.

The plaintiffs also allege violations of their Eighth Amendment rights. Specifically, the complaint alleges that the plaintiffs have been deprived of sleep since their first night in the KEY Program because of "listen ups" that are called during the night. The complaint further alleges that the plaintiffs must lift "substantially heavy" locker boxes of other inmates during their daily cleaning requirements, and that they are required to "stand or sit tight" throughout the day. These requirements cause the plaintiffs great pain and anguish to their bodies. In addition, the complaint alleges that the plaintiffs are constantly screamed at and ridiculed by other inmates who serve as their supervisors. The plaintiffs contend that these acts constitute cruel and unusual punishment.

Lastly, the plaintiffs allege that their sentencing to the KEY Program violates their Fourteenth Amendment right to due process. The complaint alleges that if the plaintiffs choose not to participate in the KEY Program they are sent to the "hole," given a "write up" that adds points to their classification record, and lose all privileges for ninety days. The plaintiffs also allege that allowing inmates to supervise them violates their due process rights.

## III. STANDARD OF REVIEW

### A. Motion to Amend

Rule 15 of the Federal Rules of Civil Procedure permits a party to amend the complaint by leave of court or by written consent of the adverse party. Leave to amend a complaint should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). The court has discretion to deny leave to amend when there exists undue delay, bad faith, dilatory motive or undue prejudice to the opposing party, or when the amendment would be futile. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir.1997). Specifically, an amendment would be futile for purposes of Rule 15(a) if, accepting all the well pleaded facts as true, the amended complaint fails to

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                 Page 3

Not Reported in F.Supp.2d, 2005 WL 418023 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

state a claim upon which relief may be granted. *See Satellite Fin. Planning Corp. v. First Nat'l Bank of Wilmington,* 646 F.Supp. 118, 120 (D.Del.1986). In other words, "the court should apply the same standards as are applied to Rule 12(b)(6) motions to dismiss." *Id.*

### B. Motion to Dismiss

#### 1. Rule 12(b)(1)

*2 A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) may present either a facial or factual challenge to subject matter jurisdiction. *Mortensen v. First Fed. Savings and Loan Ass'n,* 549 F.2d 884, 891 (3d Cir.1977). The present motion makes a facial challenge to the complaint because the defendants' arguments are based solely upon the application of legal principles to the facts as alleged in the complaint. Such a motion requires the court to consider the allegations of the complaint as true and to make all reasonable inferences in the plaintiffs' favor. *See id.*

#### 2. Rule 12(b)(6)

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. *See Kost v. Kozakiewicz,* 1 F.3d 183 (3d Cir.1993). Thus, as in the case of a Rule 12(b)(1) motion, the court must accept the factual allegations of the complaint as true. *See Graves v. Lowery,* 117 F.3d 723, 726 (3d Cir.1997); *Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir.1996). In particular, the court looks to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide defendants with adequate notice to frame an answer." *Colburn v. Upper Darby Tp.,* 838 F.2d 663, 666 (3d Cir.1988). However, the court need not "credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3rd Cir.1997). A court should dismiss a complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *See Graves,* 117 F.3d at 726; *Nami,* 82 F.3d at 65 (both citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). However, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.' " *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

### IV. DISCUSSION

#### A. Motion to Amend

Hamilton has filed two motions to amend (D.I.47, 72). The first amended complaint asserts a claim for retaliation. Hamilton alleges that he was unjustly removed from the Civigenics KEY Program in retaliation for filing this lawsuit.[FN4] Hamilton further alleges that, before he was dismissed from the KEY Program, Carter yelled and screamed at him calling him the "ringleader of the lawsuit," and asked what steps he had taken in terms of the state prisoner grievance procedure. He also alleges that SCI retaliated against him by placing his home phone number on its "visitors sheet," which was then circulated to all of the prisoners.

> FN4. The court notes that Hamilton now complains that he was removed from the KEY Program. However, in his original complaint, Hamilton alleges that being sentenced to the KEY program violates his right to due process.

In *Rauser v. Horn,* the Third Circuit defined the elements of a prisoner's cause of action for retaliation and the burden he must carry to succeed in that claim. *See Rauser v. Horn,* 241 F.3d 330 (3d Cir.2001). The court established a three prong test for determining whether retaliation has occurred. First, the prisoner must prove that the conduct

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Page 4

Not Reported in F.Supp.2d, 2005 WL 418023 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

which led to the alleged retaliation was constitutionally protected. *See id.* at 333 (citing *Thaddeus-X v. Blatter,* 175 F.3d 378, 389 (6th Cir.1999)); *see also Drexel v. Vaughn,* Civ.A.No. 96-3918, 1998 WL 15178, at *7 (E.D.Pa. Apr. 2, 1998) (determining that prisoner had engaged in constitutionally protected conduct before proceeding with retaliation inquiry). Next, the prisoner-plaintiff must show that he has suffered some adverse action at the hands of prison officials. *See Rauser,* 241 F.3d at 333 (citing *Allah v. Sieverling,* 229 F.3d 220, 225 (3d Cir.2000)). A prisoner-plaintiff can satisfy this prong by demonstrating that the action was sufficient to deter a person of ordinary firmness from exercising his constitutional rights. *See id.* The last *Rauser* prong requires a prisoner-plaintiff to establish a causal link between the exercise of his constitutional rights and the adverse action taken against him. The court employs a burden-shifting regime to determine whether a causal link exists. The prisoner-plaintiff bears the initial burden of proving that his constitutionally protected conduct was a substantial or motivating factor in the decision to discipline him or retaliate against him. *See id.* (citing *Mount Healthy Bd. of Ed. v. Doyle,* 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977)). The burden then shifts to the defendants to prove by a preponderance of the evidence that they would have taken the same disciplinary action even in the absence of the protected activity. *See id.* If the defendants prove that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest, they will prevail in the retaliation action. *See id.* at 334.

*3 In the present case, Hamilton has a constitutional right to pursue civil redress in federal court under § 1983. Therefore, Hamilton meets the first prong of the *Rauser* test. Hamilton, however, does not satisfy the second prong of *Rauser*. As previously stated, in the first sought after amendment, Hamilton has alleged that he was removed from the KEY Program, yelled at by Carter, and that his home phone number was circulated throughout the prison building. The court finds that these events would not negatively sway a reasonable prisoner from pursuing redress in the court. As a result, the court finds that these allegations are insufficient to survive a motion to dismiss, thus rendering the amendment futile. Accordingly, the court will deny Hamilton's motion to amend.[FN5]

> FN5. The court does not reach the third prong of the *Rauser* test because Hamilton has not satisfied the second prong.

The second amended complaint alleges a Double Jeopardy claim. Hamilton alleges that forcing inmates to participate in the KEY Program and giving them institutional "write ups" and sanctions, in addition to program sanctions, violates the plaintiffs' Fifth Amendment rights. The Double Jeopardy Clause of the Fifth Amendment provides that no person shall be "subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Double Jeopardy Clause affords three protections to the criminal defendant. The first two protect against a second prosecution for the same offense after acquittal, and against a second prosecution for the same offense after conviction. *Jones v. Thomas,* 491 U.S. 376, 381, 109 S.Ct. 2522, 105 L.Ed.2d 322 (1989). The third protection is against "'multiple punishments for the same offense' imposed in a single proceeding." *Id.* (citing *North Carolina v. Pearce,* 395 U.S. 711, 717 (1969)). It ensures that the sentencing court does not exceed the total punishment authorized by the legislature. *See Ohio v. Johnson,* 467 U.S. 493, 499, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984).

With these protections in mind, the court turns to Hamilton's Double Jeopardy claim. The court concludes that the DOC's disciplinary guidelines do not raise a due process issue because the DOC is neither a prosecutor nor a sentencing court. Furthermore, Hamilton's complaints are not related to any judicial proceeding. Thus, Double Jeopardy does not prevent the DOC from imposing treatment program sanctions, as well as institutional sanctions or disciplinary action for the same misconduct. Hamilton's amended complaint, therefore, would not withstand a 12(b)(6) motion to dismiss and would, again, be futile. Given the foregoing, the court will deny this motion to amend.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                         Page 5
Not Reported in F.Supp.2d, 2005 WL 418023 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

### B. Motion to Dismiss

#### 1. Sovereign Immunity

##### a. The DOC and Warden Kearney

The plaintiffs' complaint seeks to hold the DOC and Kearney liable in their official capacities. The plaintiffs assert that the DOC is a municipality or local government entity and not the State of Delaware. According to Hamilton, the DOC operates much like the Mayor of a town in that it has the authority to regulate and set standards for the penal institutions as well as the probation and parole authorities within the State of Delaware. Thus, the DOC is a "person" under § 1983. Hamilton also asserts that Kearney is a "person" under § 1983 because the warden is "responsible once a person is entrusted to that institution [SCI]." (D.I. 73, at 2.) The court disagrees and concludes that the doctrine of sovereign immunity bars any claims against the DOC and Kearney.

*4 The DOC is a state agency that exists pursuant to the laws of Delaware. *See* Del.Code Ann. tit. 11 §§ 6501, 6520. Kearney, as warden of the Sussex Correctional Institute, is a state official acting under color of state law. *See Cespedes v. Coughlin,* 956 F.Supp. 454, 465 (S.D.N.Y.1997). A suit against a state agency or state official in his or her official capacity is treated as a suit against the state. *See Hafer v. Melo,* 502 U.S. 21, 25, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). This is so because neither a state nor its officials acting in their official capacities are "persons" under § 1983. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). While a state is normally entitled to sovereign immunity, Congress may have abrogated the state's immunity through a valid exercise of its power, or the state itself may have waived its immunity. *See Lavia v. Commonwealth of Pennsylvania,* 224 F.3d 190, 195 (3d Cir.2000).

Neither of the two above-mentioned sovereign immunity exceptions are relevant here. First, the state has not waived its Eleventh Amendment immunity. A waiver will be found only where it has been stated "by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Space Age Products, Inc. v. Gilliam,* 488 F.Supp. 775, 780 (D.Del.1980) (citing *Edelman v. Jordan,* 415 U.S. 651, 673, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974)). Such an express waiver may be made through clear constitutional or statutory language. *See Lavia,* 224 F.3d at 195. Neither the constitution nor any Delaware statute expressly waives Delaware's Eleventh Amendment sovereign immunity. *See Ospina v. Dept. of Corr.,* 749 F.Supp. 572, 579 (D.Del.1990). Therefore, Delaware has not clearly waived its immunity.

Finally, Congress has not abrogated the states' immunity for claims under Section 1983. *See Quern v. Jordan,* 440 U.S. 332, 345, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). Since Delaware's immunity has not been waived or abrogated, the court will dismiss the plaintiffs' claims against the DOC and Kearney in their official capacities.

##### b. Civigenics and Its Employees

The plaintiffs assert that Civigenics and its employees are not state actors. The plaintiffs further assert if the court finds that Civigenics and its employees were acting "under color of law," then they have waived sovereign immunity under Del.Code Ann. tit. 10 § 4012(2) and/or Del.Code Ann. tit. 18 § 6511. The court is not persuaded by either of the plaintiffs' assertions. First, Civigenics and its employees are state actors because they are employed by the State of Delaware to provide treatment to inmates and, therefore, acted under color of law for purposes of § 1983 when undertaking their duties in treating the plaintiffs' addictions. *See West v. Atkins,* 487 U.S. 42, 48-54, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988) (holding that a physician who is under contract with the State to provide medical services to inmates at a state-prison hospital on a part-time basis acts "under color of state law" within the meaning of § 1983).

*5 Moreover, Civigenics and its employees have

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                              Page 6
Not Reported in F.Supp.2d, 2005 WL 418023 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

not waived sovereign immunity because Del.Code Ann. tit. 10 § 4012(2) and Del.Code Ann. tit. 18 § 6511 are inapplicable to these defendants. Section 4012(2) states that a governmental entity will be liable for negligent acts or omissions causing property damage, bodily injury, or death "[i]n the construction, operation or maintenance of any public building or the appurtenances thereto ..." Because Civigenics and its employees are not involved in the construction, operation, or maintenance of SCI, this provision does not apply to them. Similarly, section 6511 has no relevance to this litigation. While section 6511 expressly consents to suits against the State in state court, the Delaware courts have held that section 6511 does not waive sovereign immunity to suits in federal court. *See Ospina,* 749 F.Supp. 572; *Kardon v. Hall,* 406 F.Supp. 4 (D.Del.1975). As such, Civigenics and its employees are state actors and have not waived sovereign immunity. Accordingly, the court will dismiss the plaintiffs' claims against these defendants in their official capacities.

2. Individual Liability under 42 U.S.C. § 1983

It is not clear from Hamilton's complaint whether he seeks to hold the defendants liable in their individual capacities. However, because Hamilton is a *pro se* plaintiff and because he has stated in response to the defendants' motions to dismiss that he is suing the defendants in both their official and individual capacities, the court will address Hamilton's claims against the defendants individually. *See Manchester v. Rzewnicki,* 777 F.Supp. 319, 324 (D.Del.1991) (noting how "*pro se* complaints are read with less stringent scrutiny than formal [one]s drafted by lawyers"). In order to recover against the defendants individually, the plaintiffs must show that they were deprived of a constitutional right by a person acting under the color of state law. *See* 42 U.S.C. § 1983. As previously discussed, the defendants were acting under color of state law. Thus, the only question raised by the motions to dismiss is whether the defendants' actions violated any of the plaintiffs' rights.

The plaintiffs allege that the defendants have violated their First, Eighth, and Fourteenth Amendment rights. The complaint, however, fails to indicate any personal involvement by any of the defendants.[FN6] At most, the complaint alleges that Kearney and Nesbit violated the plaintiffs' rights in their supervisory roles.[FN7] Thus, Hamilton's claims against the defendants are premised on the doctrine of *respondeat superior.* It is well established, however, that absent some sort of personal involvement in the allegedly unconstitutional conduct, a § 1983 defendant cannot be held liable under a *respondeat superior* theory. *See Fagan v. City of Vineland,* 22 F.3d 1283, 1291 (3d Cir.1994); *Gay v. Petsock,* 917 F.2d 768 (3d Cir.1990). Because the plaintiffs have failed to allege any act or omission by the defendants that violated their constitutional rights, they cannot hold the defendants liable individually. Accordingly, the court will dismiss the plaintiffs' claims against the defendants in their individual capacities.

FN6. For example, the plaintiffs allege that their First Amendment freedom of speech rights were violated when they were told to keep their mouths shut, but do not allege which, if any, of the defendants told them to keep their mouths shut.

FN7. Buskirk, Burton, Carter, and Reeves are not listed as defendants in the complaint's caption. Nor do any of the plaintiffs' claims allege any personal involvement by these defendants.

V. CONCLUSION

*6 After reviewing Hamilton's proposed amendments, the record, and the relevant case law, the court concludes that the amendments are futile because they would not survive a motion to dismiss. Therefore, the court will deny Hamilton's motions to amend. The court further concludes that the plaintiffs cannot prove any set of facts in support of their claims that would entitle them to relief. Thus, the court will grant the defendants' motions and dismiss the present case in its entirety.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                 Page 7
Not Reported in F.Supp.2d, 2005 WL 418023 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

*ORDER*

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED that:
1. The plaintiffs' Motions to Amend (D.I.47, 72) are DENIED.
2. The defendants' Motions to Dismiss (D.I.50, 67, 78) are GRANTED.
3. All claims in the plaintiffs' complaint (D.I.5) are DISMISSED with prejudice.
4. The plaintiffs' ten outstanding motions (D.I.27, 29, 31, 38, 40, 42, 88, 103, 104) are DENIED as moot.
5. The State defendants' Motion to Stay Discovery (D.I.107) is DENIED as moot.

D.Del.,2005.
Hamilton v. Civigenics
Not Reported in F.Supp.2d, 2005 WL 418023 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:03cv00826 (Docket) (Aug. 21, 2003)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.